# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER, 1997 SESSION



**FILED**

**February 19, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **HENRY S. BAKER,** | ) | |
| | ) | No. 02C01-9704-CR-00160 |
| Appellant, | ) | |
| | ) | Shelby County |
| vs. | ) | |
| | ) | Honorable Bernie Weinman, Judge |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| | ) | (Post-conviction) |
| Appellee. | ) | |

FOR THE APPELLANT:

Robert Gaia
P.O. Box 11381
Memphis, TN 38111

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

KENNETH W. RUCKER
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

WILLIAM L. GIBBONS
District Attorney General

GLENN BAITY
REGINALD HENDERSON
Assistant District Attorney Generals
201 Poplar Ave.  Ste. 301
Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

**OPINION**

The defendant, Henry S. Baker, appeals pursuant to Rule 3 of the Tennessee Rules of Criminal Procedure from the Shelby County Criminal Court's denial of post-conviction relief. On December 5, 1991, the grand jury indicted the defendant for attempted aggravated robbery, theft of a motor vehicle, and robbery. He pleaded guilty to all three charges on April 22, 1993 and received an effective sentence of five years as a Range I offender to be served consecutively to a sentence received in convictions unrelated to these.[1] Baker filed a timely petition requesting post-conviction relief in all three convictions on February 8, 1996.[2] In this appeal, however, Baker challenges only the validity of his conviction for attempted aggravated robbery.[3] He contends that, his guilty plea was entered involuntarily, and that, but for the errors of counsel, he would not have pleaded guilty to attempted aggravated robbery. We disagree.

The transcript of the guilty plea submission hearing indicates that while Baker and Jimmy High were on escape status from the county workhouse, they

---

[1]

The grand jury issued three separate indictments: #91-11341 (attempted aggravated robbery, #91-11342 (theft of a motor vehicle), #93-02601 (robbery). The trial court sentenced him to five years, four years, and five years, respectively. The judge ordered that the sentences be served concurrently to each other, but consecutive to an escape conviction that was handled in general sessions court.

[2]

Baker did not file a direct appeal.

[3]

At the conclusion of the post-conviction hearing, defense counsel voluntarily withdrew the post-conviction petition to the extent it challenged the convictions for theft and robbery. The defendant was not present at the time; however, the attorney stated that he had written authorization from his client to limit the post-conviction petition to the attempted aggravated robbery case, and the trial court permitted the withdrawal. Although the record contains no further discussion, the technical record reflects that Baker later contested counsel's authority to withdraw the petition because the withdrawal was based on a mis-communication with defense counsel. On January 9, 1997, the trial judge denied Baker's request to reinstate the claims and formally dismissed the claims. Baker has not raised the dismissal as an issue in this appeal.

decided to rob a convenience store in order to buy drugs.[4]  High remained outside in his truck while Baker entered and threatened the clerk with a knife.  The clerk refused to open the cash drawer, and when a customer walked in, Baker fled with the clerk and the customer in pursuit.[5]  Ultimately, Baker accepted the state's plea bargain and agreed to testify against Jimmy High in this case.

Baker's pro se petition for post-conviction relief alleges that he entered his guilty plea involuntarily as he was not informed that the conviction could be used to enhance a sentence in federal court and that his trial counsel was ineffective in various ways.[6]  Court-appointed counsel filed an amended petition in which he alleged that, in addition to the allegations in the original petition, the guilty plea was the product of counsel's threats and coercion, that counsel failed to investigate the facts and interview the witnesses, and that counsel failed to communicate with his client.  At the evidentiary hearing, Baker was the only defense witness.  After his testimony, the hearing was continued, and the assistant public defender who negotiated the plea agreement was the sole witness when the hearing reconvened.

In its written order denying relief, the trial court found that Baker had wanted to enter a guilty plea from the very beginning and that, at the time he entered his plea, he was satisfied with the negotiated plea agreement.  The court also found that trial counsel had done everything he could to ascertain the facts and to advise his client properly.  The court concluded that "the advice given and

---

[4]

High was tried and convicted of attempted aggravated robbery.  Baker testified against High at trial.  Later, High pleaded guilty to the other two indictments.

[5]

The pair were more successful at the second store.  Even though Baker displayed no weapon, the clerk turned over $28.00 in response to his demand. Five days later, Baker stole a 1989 Ford truck.  When he was stopped for driving under the influence, a routine license plate check uncovered the theft.  Baker gave a statement admitting the robbery of the second convenience store and implicating Jimmy High.

[6]

Baker is currently serving a life sentence in federal prison pursuant to the federal "three-strikes and you're out" provision.

services rendered by the defendant's counsel were within the range of competency demanded by an attorney in a criminal case and that Mr. Moore's representation of the defendant at his guilty plea complied with the requirements of . . . Baxter v. Rose, 523 S.W.2d 930."

On appeal, Baker alleges that he received ineffective assistance of counsel because his attorney failed to inform him that the victim had been unable to identify him in a lineup and that no eyewitnesses were available to testify against him with respect to this case. He also contends that his guilty plea was involuntary and unknowing because he was unaware that this conviction could be used to enhance sentences he received in federal court.

Under Tennessee law, post-conviction relief may be granted when the conviction is void or voidable because it was obtained in violation of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States. Tenn. Code Ann. § 40-30-203 (1997). In order to sustain a petition under the 1995 Post-Conviction Procedure Act, an appellant must prove the "allegations of fact by clear and convincing evidence." Tenn. Code Ann. § 40-30-210(f) (1997). This court may not reweigh or reevaluate the evidence, and we defer to the trial court's resolution of questions concerning the credibility of witnesses and the weight and value of their testimony. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). When reviewing the dismissal of a post-conviction petition, this court must affirm the judgment of the trial court unless the evidence in the record preponderates against the judgment. Cooper v. State, 849 S.W.2d 744, 746 (Tenn.1993). With these standards in mind, we address the issues presented.

We begin with Baker's second issue in which he alleges that he pleaded guilty unknowingly and involuntarily due to the failure of his attorney and the trial court to inform him that the conviction could be used to enhance a future conviction in federal court. This issue is not cognizable in a post-conviction

4

proceeding.

The Tennessee Supreme Court has mandated that "any court accepting a plea of guilty must make it clear to the defendant that the resulting judgment of conviction may be used in a subsequent proceeding to enhance the punishment for subsequent offenses." State v. McClintock, 732 S.W.2d 268, 273 (Tenn. 1987). However, the requirement that the court notify a defendant that the conviction resulting from his guilty plea can be used to enhance future punishments is not constitutionally based. State v. Neal, 810 S.W.2d 131, 138 (Tenn. 1991). Omissions of advice or questions required by the Tennessee Supreme Court in the exercise of its supervisory duty and authority may be reviewed only upon direct appeal. Id. at 139. Thus, the alleged failure to address the sentencing enhancement issue does not provide grounds for post-conviction relief.[7]

Moreover, the trial informed Baker that his conviction could be used against him "in any court of law in the future." Baker acknowledged that he understood the specific consequences of his plea. Baker's attorney also advised him that the conviction could result in the enhancement of future sentences. Although neither the trial judge nor the attorney referred specifically to possible

---

[7] We note that the trial court's order dismissing the petition contains no specific finding that the defendant had knowingly and voluntarily entered his guilty plea. The only relevant finding included in the order is that the defendant had wanted to plead guilty from the very beginning. Tennessee law requires that, upon final disposition of a post-conviction petition, the trial court "shall set forth in the order or a written memorandum of the case all grounds presented, and shall state the findings of fact and conclusions of law with regard to each such ground." Tenn. Code Ann. § 40-30-211(b). However, even if the trial court failed to comply with this duty, a reversal or remand to the trial court is not warranted if the record clearly reflects the reasons for the dismissal. State v. Swanson, 680 S.W.2d 487, 489 (Tenn. Crim. App. 1984). We have carefully reviewed the transcript of the guilty plea submission hearing. The trial judge carefully and thoroughly examined the defendant and complied with both the constitutional requirements of Boykin v. Alabama, 397 U.S. 742, 90 S.Ct. 1463 (1970) and the non-constitutional requirements found in Mackey v. State, 553 S.W.2d 337 (Tenn. 1977) and McClintock v. State, 732 S.W.2d 268 (Tenn. 1987), as well as Rule 11, Tennessee Rules of Criminal Procedure. In this appeal, the defendant does not allege that the trial judge failed to satisfy any constitutional requirement nor has our review uncovered any inadequacies that would render the defendant's guilty plea voidable.

sentencing enhancement under federal law, the trial judge's colloquy satisfies the requirements of Rule 11 of the Tennessee Rules of Criminal Procedure, the constitutions of both the United States and the State of Tennessee, and the additional procedures imposed by our supreme court in Mackey v. State, 553 S.W.2d 337 (Tenn. 1977) and McClintock v. State, 732 S.W.2d 268 (Tenn. 1987). The fact that Baker was unaware of a specific federal enhancement factor does not entitle him to the reversal of his conviction.

Baker's contention that he received ineffective assistance of counsel during the plea negotiations is also without merit. On appeal, Baker argues that he was denied effective assistance of counsel because the assistant public defender failed to inform him that the victim had been unable to identify him at the line-up. Baker also argues that he was forced to accept the state's plea bargain because his attorney was not prepared to go to trial and that, but for the errors of counsel, he would have proceeded to trial on this charge.[8] We disagree.

When an appeal challenges the effective assistance of counsel, the appellant has the burden of establishing (1) deficient representation and (2) prejudice resulting from that deficiency. Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2065 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Deficient representation occurs when counsel provides assistance that falls below the range of competence demanded of attorneys in criminal cases. Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991). Prejudice is the reasonable likelihood that, but for deficient representation, the outcome of the

---

[8] With respect to this issue, Baker argues that the trial judge failed to make specific factual findings relevant to the issue on appeal. However, the trial judge found that the defendant's attorney had discussed his case with his client and that he had done everything that was necessary to ascertain the facts. The judge also found that the defendant had stated at the guilty plea hearing that he was satisfied with the plea and with his attorney's services. Although detailed findings are generally desirable and would have facilitated our review in this case, we find that the record in this case is sufficient for meaningful appellate review and requires no remand to the trial court. See State v. Swanson, 680 S.W.2d 487, 489 (Tenn. Crim. App. 1984).

proceedings would have been different. Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994). On review, there is a strong presumption of satisfactory representation. Barr v. State, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995). As to guilty pleas, the petitioner must establish a reasonable probability that, but for the errors of counsel, he would not have entered into the plea. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985); Adkins v. State, 911 S.W.2d 334, 349 (Tenn. Crim. App. 1994); Wilson v. State, 899 S.W.2d 648, 653 (Tenn. Crim. App. 1994).

A reviewing court must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance and must evaluate counsel's performance from counsel's perspective at the time of the alleged error and in light of the totality of the evidence. Strickland, 466 U.S. at 695, 104 S. Ct. at 2068-2069.

In this case, Baker has not carried his burden of showing that he would not have pleaded guilty but for the alleged errors of counsel.

The record strongly supports the trial judge's finding that the defendant intended from the beginning to plead guilty to all three charges. Baker and his co-defendant were obviously at each other's throats, and Baker was not at all reluctant to testify against High at his trial.[9] Although the attorney's testimony at the post-conviction hearing indicates that he had not realized that the victim had failed to identify his client at the line-up, this error was of little consequence because the co-defendant had implicated Baker in his statement to the police. Baker received a very favorable plea bargain in which he was sentenced as a Range 1 offender when he clearly could have been sentenced, at least, at Range 2. For three felonies committed after he had escaped from jail, he received an effective sentence of five years. The judgment forms give him credit for 246 days or

---

[9] The record contains three letters written by Baker to his attorney in which he describes his feelings toward High and discusses his desire to plead guilty and to testify against High.

7

approximately half the time he would be required to serve before becoming eligible for parole.[10] Nothing in the record has convinced us that Baker would have jeopardized his plea bargain on the other two counts by going to trial on this one.

The record also supports the conclusion that defense counsel adequately investigated the case and negotiated on behalf of the defendant. According to counsel's testimony, he had full access to the district attorney's files which included the statements of all the victims. He attempted to contact the victims personally but they refused to speak to him. Once the trial court severed Baker's trial from that of High at the prosecutor's request, the way was clear for Baker to testify against his co-defendant in exchange for the plea bargain. Of course, it also made High's testimony available against Baker. Baker's counsel was not prepared to go to trial because Baker had told him over and over again that he wanted to plead guilty and because the plea was obviously advantageous to his client. We concur in the trial court's conclusion that the advice and services of defense counsel were within the range of competency demanded in criminal cases of this nature.

We find that the trial court properly denied post-conviction relief and dismissed the defendant's petition. We affirm the judgment of the trial court.

_____
CURWOOD WITT, Judge

CONCUR:

_____
JOE B. JONES, Presiding Judge

_____
JERRY L. SMITH, Judge

_____

[10]
The judgment form contains the notation that his parole was revoked on August 10, 1995.