IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE 1998 SESSION

FILED

January 26, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STEVE E. TODD, | ) | |
| | ) | |
| Appellant, | ) | No. 01C01-9612-CR-00503 |
| | ) | |
| | ) | Davidson County |
| v. | ) | |
| | ) | Honorable Seth Norman, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Thomas A. Potter
100 Thompson Lane
Nashville, TN 37211

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Lisa A. Naylor
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

Victor S. Johnson, III
District Attorney General
        and
Lila Statom
Assistant District Attorney General
Washington Square, Suite 500
222 2nd Avenue North
Nashville, TN 37201-1649

OPINION FILED:_____

JUDGMENT VACATED; REMANDED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, Steve E. Todd, appeals as of right from the Davidson County Criminal Court's denial of post-conviction relief. The petitioner was charged with six counts of rape of a child and seven counts of aggravated sexual battery. Pursuant to a plea agreement, he pled guilty to two counts of rape of a child and received a sentence of twenty-three years for each count to be served concurrently in the custody of the Department of Correction. He now contends that (1) his sentence is illegal, (2) his plea was not knowingly, understandingly and voluntarily given, and (3) he received the ineffective assistance of counsel. Because the trial court's order denying the petition for post-conviction relief is incomplete, we remand the case to the trial court for the entry of a new order consistent with this opinion.

The petitioner testified at the post-conviction hearing that he believed he was pleading guilty to two counts of rape of a child for which he would be sentenced as a Range I, standard offender to twenty-three years for each count to be served concurrently at thirty percent. He said he believed he would be eligible for parole and behavior credits, and the opportunity for parole was one of the reasons why he accepted the plea agreement. He said he also accepted the plea agreement because he did not want the victim, his daughter, to have to testify at trial. He said he discussed the agreement with his trial attorney who explained that he would be sentenced to twenty-three years to be served at thirty percent. He admitted that there was no mention in the guilty plea petition, which he signed, of the possibility for parole, but he also said there was no indication that he would have to serve his sentence day-for-day.

On cross-examination, the petitioner said that his trial attorney never discussed T.C.A. § 39-13-523 with him. He said he did not read the guilty plea petition because he relied on his attorney's advice. He said he understood that the sentencing

range was fifteen to twenty-five years, and he admitted that he had confessed to all of the crimes.

The petitioner's trial attorney testified that the state offered a plea agreement of two counts of rape of a child with a sentence of twenty-three years for each count to be served concurrently. He said he explained this offer to the petitioner, and he believed he told the petitioner that he would not get credit toward release because it was a child rape case. He said the petitioner was unhappy about this fact, but they discussed it at some length and talked about the possibility of going to trial. He said the petitioner felt forced to accept the plea agreement because under no circumstances did the petitioner want his daughter to have to testify. The attorney said that ordinarily, he writes on the guilty plea petition whether it is a Range I or Range II sentence, and he thought it was significant that there was no such range written on the guilty plea petition in the present case. He said that although he discussed with the petitioner the fact that he would get no credit toward his release, he did not go over T.C.A. § 39-13-523 with the petitioner because he did not think it was necessary.

The attorney said that when the trial court read the judgment saying that the petitioner was sentenced as a Range I, standard offender at thirty percent, he thought that he (the attorney) had simply misinterpreted T.C.A. § 39-13-523. He said he made no objection to the trial court's judgment because it was to his client's benefit. He said that after the trial court pronounced the judgment, the petitioner asked him what the trial court meant, and the attorney said he told the petitioner that he would serve thirty percent of his sentence and then be eligible for parole. He said he explained to the petitioner that most sex offenders are not granted parole on their first request. He said that when the petitioner left the courtroom, he (the attorney) was under the impression that the petitioner had received a Range I sentence to be served at thirty percent.

3

On cross-examination, the attorney said he told the petitioner that his reading of the statute indicated that the petitioner would not receive credit for good time or program credits. He said there was a note in his file that read, "Note sent day-for-day since July '92[.]" He said that although he did not read T.C.A. § 39-13-523 to the petitioner, he interpreted the statute for the petitioner. He said that the petitioner read or appeared to read the guilty plea petition which did not say that the petitioner would serve only thirty percent of his sentence.

The assistant district attorney general who prosecuted the petitioner's case testified that on the judgment form, she checked both the box for child rapist and the box for a Range I, standard offender. She said that she made a clerical error because only one box can be checked and that should have been the child rapist box. She said that when she gave the recommended sentence to the judge, it was not for a Range I, standard offender at thirty percent.

On cross-examination, the prosecutor testified that the petitioner received no assurance of parole. She said that when she talks to attorneys, it is her practice to tell them that their clients will be required to serve the entire sentence. She said that at the time the plea agreement was made and signed, the petitioner did not have the judgment form but only the guilty plea petition which gave no indication that the petitioner would serve only thirty percent of his sentence.

The trial court stated that it normally reads from the judgment form rather than trying to remember sentences. The judgment forms in the present case reflect that in the sentencing box, two items are checked: (1) the box that says "Standard 30% Range 1" and (2) the box that says "Child Rapist." The transcript from the guilty plea hearing reflects that the trial court explained to the petitioner his rights to a jury trial, to counsel, to appeal, to proof beyond a reasonable doubt, to confrontation, cross-

4

examination and silence, and the petitioner agreed to waive these rights. It reflects that the petitioner said he understood that he was charged with six counts of rape of a child and seven counts of aggravated sexual battery carrying sentences of fifteen to twenty-five years and eight to twelve years, respectively.

At the guilty plea hearing, the petitioner said that he signed the guilty plea petition freely and voluntarily after thoroughly discussing the petition with his trial attorney. The state recommended a twenty-three year sentence on each count to run concurrently. When questioned by the trial court, the petitioner said that this was his understanding of the plea agreement. In pronouncing the judgment, the trial court said, "It's the judgment of the Court in each count that you be sentenced to the Department of Correction for a period of twenty-three years as a range one standard offender at thirty percent. Those sentences will run concurrent, one with the other."

The guilty plea petition is a preprinted form with certain items filled in by hand. In the portion of the petition calling for the range of punishment, the following is handwritten:

> 6 counts Rape of A Child; 7 Counts Aggravated Sexual Battery - Rape of Child 15-25 years plus fine up $50,000 each count. T.C.A. 39-13-522. Aggravated Sexual Battery 8-12 years plus fine up to $25,000 each count. T.C.A. 39-13-504[.]

In the part setting forth the plea agreement, the following is handwritten:

> Guilty - Counts 1 & 9 - 23 years each count concurrent. No fine. Recommendation Special Needs prison. Credit for jail time.

The guilty plea petition contains the petitioner's signature.

The trial court filed a written opinion denying the petition for post-conviction relief. The trial court's opinion states as follows:

> The petitioner herein has filed a Petition for Post Conviction Relief. The main thrust of his complaint is aimed at the parole system for the state. He specifically states that his plea was

5

not knowingly and intelligently entered, and that his counsel was ineffective.

. . . .

The Court has examined the proof on this case as well as the authorities that have been submitted. The Court is of the opinion that the complaint of the petitioner is almost on all fours with Wilson v. State [citation omitted]. There is a total lack of evidence under the holdings of Baxter v. Rose and Strickland v. Washington [citations omitted]. There is nothing in this record that would indicate that counsel for the defendant at the time of the plea acted in any other than a highly professional manner.

The petitioner has raised a question that continually appears in these matters. He complains that the Court and his attorney did not properly advise him about his effective release date. This Court, quite frankly, does not believe that there is a Judge in this state, at any level, that could explain this date to a defendant at the time that a plea was entered. This fact was emphasized in Howell v. State [citation omitted]. This Court would not presume to tell the Board of Pardons and Paroles how to operate [its] business.

The Petition for Post Conviction Relief is denied.

Initially, we note that the burden was on the petitioner in the trial court to prove that his allegations entitle him to relief beyond a reasonable doubt. T.C.A. § 40-30-210(f). On appeal, we are bound by the trial court's findings unless we conclude that the evidence preponderates against those findings. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). However, the Post-Conviction Procedure Act mandates that the trial court enter an order or written memorandum detailing all grounds presented by the petitioner and its findings of fact and conclusions of law with regard to each ground. T.C.A. § 40-30-211(b). The purpose of this requirement is to facilitate appellate review. State v. Swanson, 680 S.W.2d 487, 489 (Tenn. Crim. App. 1984). Because the trial court failed to address all of the petitioner's grounds and because we cannot glean from the record the trial court's findings of fact and conclusions of law, we must remand the case to the trial court for a more complete written order.

6

The petitioner's first ground for relief is that his sentence is illegal because it is in direct contravention of statutory provisions regarding sentencing. See State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). Specifically, he argues that he was sentenced as a Range I, standard offender to serve thirty percent of his sentence, but T.C.A. § 39-13-523(b) and (c) contemplates that a child rapist "shall be required to serve the entire sentence imposed by the trial court undiminished by any sentence reduction credits" and without eligibility for parole. The trial court's written order denying the post-conviction petition does not address the petitioner's argument. Instead, the order simply states that "[t]he main thrust of [the petitioner's] complaint is aimed at the parole system for the state." We view the petitioner's complaint not to be with the state parole system but rather with a sentence that he believes he is statutorily ineligible to receive. The trial court's order does not address the merits of the petitioner's claim. Under these circumstances, we have no findings or conclusions to review. Thus, we must remand the case to the trial court for a more complete order.

In his next argument, the petitioner contends that his plea was not knowing or voluntary because he thought he was receiving a standard, Range I sentence at thirty percent, but he was actually statutorily ineligible for such a sentence. In its order, the trial court makes no finding that the petitioner's plea was knowing and voluntary. Again, it is imperative that the trial court make findings of fact and conclusions of law on all issues raised by the petitioner in order for us to review the denial of the petition.

The petitioner also complains that his trial attorney was ineffective for failing to explain to him the manner in which he would serve his sentence. At the post-conviction hearing, the petitioner stated that his trial attorney told him he would serve thirty percent of his sentence and that this was one of the reasons he accepted the agreement. The trial attorney testified to the contrary, stating that he did not tell the

7

petitioner before his acceptance of the agreement that he would only serve thirty percent. He said that, in fact, it was his belief that he told the petitioner he would be ineligible for early release because the convictions were for child rape.

The trial court's order states that the case is on all fours with <u>Wilson v. State</u>, that there is "a total lack of evidence under the holdings" of <u>Baxter v. Rose</u> and <u>Strickland v. Washington</u>, and that nothing in the record indicates that the petitioner's attorney was anything other than highly professional. The problem with the trial court's order is that we cannot glean from it the trial court's findings of fact with respect to the testimony it accredited on material points. We cannot discern whether the trial court accredited the testimony of the petitioner or his trial attorney. Although it may be possible to infer that the trial court accredited the attorney's testimony, one of the main purposes behind requiring an order with findings of fact and conclusions of law is to prevent this very type of speculation on appeal. A more detailed order, addressing all of the petitioner's claims and containing more detailed findings of fact and conclusions of law, is needed.

In consideration of the foregoing and the record as a whole, we are of the opinion that the trial court's findings and conclusions denying the petition for post-conviction relief are incomplete, and we cannot perform a meaningful appellate review. Therefore, the judgment is vacated and the case is remanded to the trial court for the entry of an order consistent with this opinion.

_____
Joseph M. Tipton, Judge

8

CONCUR:

_____
John H. Peay, Judge


_____
David G. Hayes, Judge