# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

Assigned on Briefs June 9, 2004

## CHRISTOPHER TODD BROWN v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 97-C-1832     Steve R. Dozier, Judge**

---

**No. M2003-01993-CCA-R3-PC - Filed June 18, 2004**

---

The petitioner appeals the denial of post-conviction relief relating to his convictions for attempted first degree murder and attempted second degree murder. On appeal, the petitioner contends: (1) he received ineffective assistance of counsel at trial and on appeal; and (2) the trial court erroneously instructed the jury on the definition of the "knowing" *mens rea* for attempted second degree murder. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Dwight E. Scott, Nashville, Tennessee, for the appellant, Christopher Todd Brown.

Paul G. Summers, Attorney General and Reporter; Michelle R. Chapman, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Stephen Douglas Thurman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner was convicted of attempted first degree murder and attempted second degree murder for shooting the victims, Jerry Anthony and Robert Wray, on March 7, 1997. The petitioner received an effective thirty-three-year sentence. A panel of this court upheld the petitioner's convictions and sentences on direct appeal. *See* State v. Christopher Todd Brown, No. M1999-00691-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 214 (Tenn. Crim. App. Mar. 9, 2000), *perm. to app. denied* (Tenn. 2001).

We incorporate the following facts of the underlying offenses from this court's opinion on direct appeal:

> On March 7, 1997, a verbal altercation arose between the [petitioner] and the victims during a "dice game" at the Urban Manor Apartments. The [petitioner] left the area, but returned approximately

fifteen minutes later. As the [petitioner] rounded the corner of the building, he yelled "I got you now, die MF die." [Petitioner] proceeded to open fire on Jerry Anthony. Anthony was shot in the arm, hip and chest. The [petitioner] continued to shoot even after Anthony had fallen to the sidewalk. Robert Wray positioned himself on top of Anthony to protect him from the continuing barrage of shots. Wray was shot twice in the leg.

*Id.* at *2.

## I. POST-CONVICTION RELIEF HEARING

At the post-conviction relief hearing, trial counsel testified he met with the petitioner on several occasions during which they discussed the case at length, including any possible defenses. Trial counsel stated the petitioner informed him that he did not commit the offenses, and the petitioner wished to pursue a defense relating to identity. Trial counsel explained that in preparing for trial, he researched issues relating to identity, met with the petitioner's family on two occasions, interviewed witnesses, and surveyed the crime scene. Trial counsel stated he also reviewed a tape recording of the preliminary hearing. He stated that when he reviewed the jury instructions at trial, he was "okay" with them. Trial counsel voiced no objection to the following portion of the jury charge on attempted second degree murder:

A person acts "knowingly" with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist. A person acts knowingly with respect to a result of the person's conduct when the person is aware that the conduct is reasonably certain to cause the result.

Different counsel represented the petitioner on his direct appeal. Appellate counsel testified he raised issues relating to lesser-included offenses and consecutive sentencing. Although appellate counsel was not questioned at the hearing about failing to challenge the jury charge on "knowingly," it is apparent from the record that this issue was not raised on appeal.

In denying relief, the post-conviction court found the petitioner failed to demonstrate that trial counsel was deficient in failing to raise all possible defenses at trial. The court noted trial counsel and the petitioner met on several occasions during which they discussed possible defenses, and the petitioner maintained he did not commit the offenses. The post-conviction court found the petitioner waived the issue relating to the trial court's jury instruction on "knowingly" by failing to raise the issue on direct appeal. The post-conviction court further found the trial court's jury instruction regarding the definition of "knowingly" was harmless error because *mens rea* was not raised as an issue at trial. The post-conviction court noted the petitioner's defense at trial was that he was not the shooter.

## II. STANDARD OF REVIEW

The post-conviction judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). Those findings of fact are afforded the weight of a jury verdict, and this court is bound by the findings unless the evidence in the record preponderates against those findings. Jaco v. State, 120 S.W.3d 828, 830 (Tenn. 2003). This court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. State v. Honeycutt, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely *de novo* standard with no presumption of correctness. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). The petitioner bears the burden of proving the factual allegations that would entitle him to relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2003).

## III. WAIVER

We first note that the post-conviction court entered its order denying relief on March 20, 2003. However, the petitioner did not file his notice of appeal until August 5, 2003, well beyond the thirty-day requirement. *See* Tenn. R. App. P. 4(a). The petitioner filed a motion with the post-conviction court requesting a waiver of the thirty-day requirement, and the post-conviction court granted the motion. Although a waiver of timely filing of the notice of appeal may be granted in a criminal appeal, the rule provides that the "appropriate appellate court shall be the court that determines whether such a waiver [of the thirty-day requirement] is in the interest of justice." Tenn. R. App. P. 4(a). Thus, the post-conviction court was without authority to grant the petitioner's motion. Nevertheless, we conclude waiver of the thirty-day requirement is appropriate; thus, we elect to address the issues on their merits.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner contends he received ineffective assistance of counsel at trial and on direct appeal. We disagree.

When a claim of ineffective assistance of counsel is made, the burden is upon the complaining party to show (1) that counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. *See* Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); Carpenter v. State, 126 S.W.3d 879, 886 (Tenn. 2004). In reviewing counsel's conduct, we assess performance by eliminating the distorting effects of hindsight and evaluate the conduct from counsel's perspective at the time. Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002). It is unnecessary for a court to address deficiency and prejudice in any particular order, or even to address both if the petitioner makes an insufficient showing on either. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.

It is counsel's responsibility to determine the issues to present on appeal. State v. Matson, 729 S.W.2d 281, 282 (Tenn. Crim. App. 1986) (citing State v. Swanson, 680 S.W.2d 487, 491 (Tenn. Crim. App. 1984)). This responsibility addresses itself to the professional judgment and

sound discretion of appellate counsel.  Porterfield v. State, 897 S.W.2d 672, 678 (Tenn. 1995). There is no constitutional requirement that every conceivable issue be raised on appeal.  Carpenter, 126 S.W.3d at 887.

## A.  Failure to Investigate

We are unable to ascertain from his brief whether the petitioner challenges the adequacy of trial counsel's investigation of the case as a basis for ineffective assistance of counsel in this appeal. The petitioner merely cites to case law regarding trial counsel's duty to investigate and does not explain how trial counsel was deficient in investigating the case.  Regardless, at the post-conviction hearing, trial counsel testified he met with the petitioner on several occasions, conducted research, met with the petitioner's family, interviewed witnesses, surveyed the crime scene, and reviewed a tape recording of the preliminary hearing.  The petitioner did not testify at the hearing, and he did not present any other witnesses to rebut trial counsel's testimony concerning this issue.  The post-conviction court found no deficiency in this regard, and the evidence does not preponderate against the findings of the post-conviction court.  Accordingly, the petitioner is not entitled to relief on this claim.

## B.  Jury Instruction

The petitioner contends trial counsel was ineffective in failing to object to the trial court's instruction regarding the definition of "knowingly" as it related to attempted second degree murder. The petitioner further contends appellate counsel was ineffective in failing to raise the issue in the motion for new trial and on direct appeal.  However, the petitioner did not present these issues as claims of ineffective assistance of counsel in his original and amended post-conviction relief petitions or during the hearing.  Rather, the petitioner framed this issue as a free-standing claim, contending the trial court's instruction violated due process.  Since an appellant cannot change theories from the trial court to the appellate court, this issue is waived.  State v. Alder, 71 S.W.3d 299, 303 (Tenn. Crim. App. 2001); State v. Dooley, 29 S.W.3d 542, 549 (Tenn. Crim. App. 2000).  Regardless of waiver, this issue is without merit.

On July 14, 2000, our state supreme court filed its opinion in State v. Ducker, holding that child abuse was not a result-of-conduct offense.  27 S.W.3d 889, 896 (Tenn. 2000).  The court further stated second degree murder was a result-of-conduct offense.  *Id.*  However, Ducker did not discuss jury charges.

In the unreported opinion of State v. Keith T. Dupree, W1999-01019-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 65 (Tenn. Crim. App. Jan. 30, 2001), this court, facing an issue of first impression, held the trial court erred by failing to charge the jury that the defendant must have acted "knowingly" with regard to the result of his conduct to be found guilty of second degree murder. *Id.* at **11-12.  Unlike the jury charge at issue in the case at bar, the instruction in Keith T. Dupree made no reference whatsoever to the result-of-conduct *mens rea*.

On April 16, 2002, this court issued its opinion in State v. Page, 81 S.W.3d 781 (Tenn. Crim. App. 2002), in which we held the trial court erred in instructing the jury that the defendant could be

convicted of second degree murder if he acted knowingly with respect to the nature of his conduct or the circumstances surrounding the conduct. *Id.* at 788. In Page, we noted that "[a] jury instruction that allows a jury to convict on second degree murder based only upon awareness of the nature of the conduct or circumstances surrounding the conduct improperly lessens the state's burden of proof." *Id.* (citation omitted). This court has applied the analysis in Page to convictions for attempted second degree murder. *See* State v. Theron Davis, No. W2002-00446-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 506, at **27-30 (Tenn. Crim. App. May 28, 2003), *perm. to app. denied* (Tenn. 2003).

As previously stated, the trial court gave the following jury instruction regarding the definition of "knowingly":

> A person acts "knowingly" with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist. A person acts knowingly with respect to a result of the person's conduct when the person is aware that the conduct is reasonably certain to cause the result.

The petitioner was convicted on June 10, 1998, and sentenced on October 10, 1998. Judgments were entered on October 30, 1998. The petitioner's brief on the direct appeal was filed on November 12, 1999. The appeal was submitted to this court on briefs on February 25, 2000. This court entered its judgment and opinion affirming the petitioner's convictions on March 9, 2000.

The petitioner's trial occurred two years before our state supreme court filed its opinion in Ducker. Furthermore, this court issued its opinion affirming the petitioner's conviction four months before Ducker was filed, ten months before Dupree was filed, and two years before Page was filed. Claims of ineffective assistance of counsel "should be limited to situations where the law or duty is clear such that reasonable counsel should know enough to raise the issue." Ernest B. Eady v. State, No. E2002-03111-CCA-R3-PC, 2004 Tenn. Crim. App. LEXIS 284, at *22 (Tenn. Crim. App. Mar. 25, 2004) (citation omitted), *perm. to app. pending*. Accordingly, we conclude trial counsel's performance was not deficient in failing to object to the trial court's instruction and further conclude appellate counsel's performance was not deficient in failing to raise the issue on direct appeal. The petitioner is not entitled to relief on this issue.

## V. JURY INSTRUCTION

In a free-standing claim, the petitioner contends the trial court erred in instructing the jury regarding the definition of "knowingly," thus violating his due process rights. The Post-Conviction Procedure Act prohibits consideration of any claim which could have been, but was not, presented in an earlier proceeding, subject to certain exceptions. Tenn. Code Ann. § 40-30-106(g) (2003). One of the exceptions is where the claim is based upon "a constitutional right not recognized as existing at the time of trial" if retroactive application of that right is required. *Id.* at (g)(1). However, we are unable to conclude that this claim is based upon a new constitutional right. The petitioner failed to raise this issue on direct appeal; therefore, this issue is waived.

We affirm the judgment of the post-conviction court.


_____
JOE G. RILEY, JUDGE