**STATE of Tennessee, Appellee,**

v.

**William Lee SWANSON, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Sept. 12, 1984.

Permission to Appeal Denied by Supreme Court Nov. 13, 1984.

Thomas M. Fleming, Chattanooga, for appellant.

William M. Leech, Jr., Atty. Gen. & Reporter, Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Nashville, Thomas J. Evans, Peter J. Strianse, Asst. Dist. Attys. Gen., Chattanooga, for appellee.

## OPINION

DWYER, Judge.

On January 16, 1981, appellant was convicted by a jury of the offense of second degree murder and received a sentence of life imprisonment. Appellant appeals the trial court's judgment rendered on January 6, 1984, which denied appellant's petition for post-conviction relief after appointment of· counsel and an evidentiary hearing.

Appellant sets forth four issues for our review: (1) whether the trial court erred in failing to enter a written findings of fact and conclusions of law in the court's dismissal of appellant's petition for ˙post-conviction relief and what result should follow such error; (2) whether the trial court erred by not making a specific finding of fact as to whether a juror slept during portions of the trial proceedings; (3) whether the trial court erred in finding appellant received effective assistance of counsel; and (4) whether the trial court erred in its denial of appellant's motion for a delayed appeal.

■ In his first issue, appellant contends that the trial court's non-compliance with the mandates of T.C.A. § 40–30–118(b) warrants a reversal of the trial court's dismissal of appellant's post-conviction petition. Appellant correctly asserts that a trial judge is required to set forth a final written order in which all grounds presented are set forth along with findings of fact and conclusions of law with regard to each

of the grounds. T.C.A. § 40–30–118(b). Although this requirement has been determined to be mandatory, *Brown v. State*, 1 Tenn.Cr.App. 462, 445 S.W.2d 669 (1969), the failure of the trial judge to abide by the requirement does not always mandate a reversal of the trial court's judgment. *See George v. State*, 533 S.W.2d 322 (Tenn.Cr. App.1975); *Webb v. State*, 4 Tenn.Cr.App. 723, 475 S.W.2d 228 (1971); *Brown v. State, supra*. The primary intent of the legislature underlying this requirement is to facilitate appellate review of the lower court's proceedings, and the failure to meet the requirement neither constitutes constitutional abridgement nor renders the conviction or sentence of the appellant void or voidable. *George v. State, supra*. Since the record contains the reasons of the trial judge for dismissing appellant's petition and the transcripts of both the evidentiary hearing held on appellant's post-conviction petition and the original trial, we conclude that the record is sufficient to effectuate meaningful appellate review. Accordingly, this issue is overruled.

■ In the second issue, appellant contends that the trial court erred by its refusal to make a finding of fact as to whether a juror in appellant's original trial slept through portions of the testimony and cross-examination during trial. The State asserts that the trial court properly declined to make a finding of fact as to this issue because this issue is not determinative. The State describes the true issue as whether or not counsel was ineffective in failing to bring the matter to the trial court's attention. We conclude that the trial judge could have determined the ultimate issue of whether or not trial counsel was ineffective without determining whether or not a juror, in fact, was asleep at trial.

■ Assuming that a juror was asleep, the issue of fact remains as to whether trial counsel had knowledge of this fact. Although the record reflects testimony by appellant that appellant brought this matter to his counsel's attention, counsel testified that he was unaware of such fact and

had he been aware of the matter, he would have brought it to the trial court's attention "without any hesitation whatever." Thus, the trial judge was confronted with a question of fact as to whose testimony was to be believed. The trial judge obviously resolved this issue in favor of the State. In such circumstances the factual findings of the trial court are conclusive unless the evidence preponderates against such findings. *Long v. State*, 510 S.W.2d 83 (Tenn. Cr.App.1974). Accordingly, the failure of the trial court to determine whether or not a juror actually slept during the trial proceedings is not error, and this issue is overruled.

We note that within his argument pertaining to this second issue, appellant also asserts that the trial judge's failure to meet the requirements of T.C.A. § 40–30–118(b) mandates a reversal of the trial court's judgment. We disagree for the reasons set forth in the portion of this opinion dealing with appellant's first issue.

In the third issue, appellant contends that the lower court erred in failing to find that he was denied effective assistance of counsel. In support of this contention, appellant alleges that counsel failed to (1) adequately consult with him prior to trial; (2) call certain witnesses; (3) consistently and thoroughly pursue a meaningful theory of defense; (4) raise timely objections at trial; and (5) properly preserve and pursue certain issues for appellate review.

 We note at the outset that the test for determining whether a criminal defendant received effective assistance of counsel is "whether the advice given, or the services rendered by the attorney, are within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn.1975). Counsel is obliged to confer with his client, advise him of his rights, protect his rights, investigate the facts, and develop all substantial defenses. *United States v. Decoster*, 487 F.2d 1197 (D.C.Cir.1973). However, the appellate court is not to second-guess the trial counsel's strategic and tactical choices pertaining to the defense. *Id.* at 1201.

 In a post-conviction proceeding the petitioner has the burden to prove his allegations by a preponderance of the evidence. *Long v. State, supra.* Moreover, factual findings of the trial court are conclusive unless the evidence preponderates against such findings. *Id.* at 86. Therefore, we must examine the evidence to determine whether it adequately supports the trial court's judgment.

Although appellant testified that counsel did not adequately consult with him prior to trial, counsel testified that he consulted with appellant on at least eight occasions on which the defense strategy was discussed. Appellant also asserts that counsel should have called certain witnesses, whose testimony would have been favorable to the defense. However, counsel testified that after speaking to all of these potential witnesses, he concluded that their testimony would not be favorable but, in fact, very harmful to the defense.

Appellant contends that counsel should have cross-examined one State's witness concerning appellant's alleged affair with the witness's wife. Counsel testified that his reason for not doing so was a matter of strategy. Counsel felt that the defense strategy of portraying appellant as being very much in love with the victim would have been inconsistent with the facts concerning the alleged affair. Counsel further testified that had appellant requested this cross-examination, counsel would have explained to appellant his reasons for not doing so.

Although appellant contends that counsel did not pursue a meaningful defense, he has not asserted any other defense that could have been asserted at trial. Furthermore, counsel testified that his defense strategy in asserting a reasonable doubt entailed the emphasis of the possibility that another had committed the crime.

Appellant complains that counsel failed to raise timely objections and preserve same for appellate review. Under this gen-

eral allegation, appellant refers to four specific allegations.

First, appellant complains of counsel's failure to bring to the trial court's attention the alleged fact that a juror was sleeping during the trial. However, counsel testified that he was unaware of a sleeping juror, but had he known of this alleged fact, he would have immediately reported it to the trial court.

Second, appellant contends that counsel improperly failed to timely object and to preserve an objection to the admission of the testimony of two State's witnesses. However, appellant put forth no proof that he was unaware of their existence or that the prosecution wrongfully withheld these witnesses' names.

Furthermore, these witnesses' testimony could be construed as not being prejudicial to appellant. The thrust of the testimony of Mr. Bridges, the victim's supervisor at the Brock Candy Company, merely concerned the time that the victim left work on the night of the murder. And, as the State points out, contrary to appellant's assertion, Cheri Ruth did not corroborate her husband's (Eddie Ruth's) testimony that he loaned appellant the murder weapon approximately one day before the murder. She testified that she could not remember seeing her husband give his gun to appellant and that she did not pay attention to the discussion between appellant and her husband.

Third, appellant complains of counsel's failure to preserve for appellate review his objection to the State's failure to supply him with the negative results of fingerprint tests.

■ Prosecutive suppression of evidence favorable to an accused or failure to volunteer exculpatory material to the defense violates due process where the evidence is material to guilt or punishment. *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We agree with the State that under the context of the entire

record this evidence is not "material" in the constitutional sense. Appellant admitted to having been inside the victim's truck prior to the occurrence of the offense. The fact of the absence of appellant's fingerprints on the truck does not create a reasonable doubt about appellant's guilt. Where there is no reasonable doubt about guilt whether or not the additional evidence is considered, a new trial is not justified. *United States v. Agurs, supra.* Accordingly, counsel was not ineffective for failing to preserve his objection to the State's failure to disclose the fingerprint test.

■ Fourth, appellant contends that counsel was ineffective for failure to raise an issue as to the sufficiency of the evidence to support the conviction in a motion for new trial or on appeal. Although the issue of insufficiency of evidence presented at trial is not reviewable by post-conviction proceedings, *Gant v. State,* 507 S.W.2d 133 (Tenn.Cr.App.1973), we must determine whether the evidence supports the trial court's judgment that counsel was not ineffective by his failure to preserve this issue for appeal.

■ The record reflects that the trial court recognized different strategies concerning appellate advocacy. The trial court was of the opinion that the so-called "shotgun approach," by which the attorney sets forth all arguable issues, may not be as effective as setting forth a small number of meritorious issues designed to focus in on issues which are thought by counsel to most likely influence the appellate court. We conclude that failure to preserve and/or assert all arguable issues on appeal is not *per se* ineffective assistance of counsel, since the failure to do so may be a part of the counsel's strategy of defense. Counsel is not constitutionally required to argue every issue on appeal, or to present issues chosen by his client. *Shears v. State,* Shelby County No. 82 (Tenn.Cr.App., Jackson, Feb. 1984). The determination of which issues to present on appeal is a matter of counsel's discretion. *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

In addition, the State correctly asserts that the appellate court implicitly determined that the evidence is sufficient to support appellant's conviction. Appellate courts may consider plain error whether or not it is properly preserved. *State v. Mackey*, 553 S.W.2d 337 (Tenn.1977). Under the circumstances of this case, counsel was not ineffective for failing to preserve the issue concerning the sufficiency of the evidence at trial.

We conclude that the evidence sufficiently supports the trial court's judgment that counsel was not ineffective since the evidence does not preponderate against the trial court's judgment. *See Clenny v. State*, 576 S.W.2d 12 (Tenn.Cr.App.1978); *Long v. State, supra.* Therefore, appellant's third issue is overruled.

In his fourth and final issue, appellant contends that the trial court erred by holding appellant could not be granted a delayed appeal under T.C.A. § 40–30–120. Under this statute, the trial judge can grant a delayed appeal if the judge finds that the petitioner was unconstitutionally denied his right to an appeal from his original conviction. T.C.A. § 40–30–120(a)(1). Here, as noted by the trial court, appellant pursued an appeal from his original conviction. We have previously determined that the evidence supports the trial court's judgment that counsel was effective; therefore, appellant was not unconstitutionally denied his right to appeal his original conviction. This issue is without merit.

All issues having been overruled, the judgment is affirmed.

DUNCAN and CORNELIUS, JJ., concur.