# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### OCTOBER SESSION, 1998

FILED

October 16, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

REIKO NOLEN,           )
                              )
        Appellant        )
                              )
vs.                       )
                              )
STATE OF TENNESSEE,   )
                              )
        Appellee         )

No. 02C01-9711-CC-00441

DYER COUNTY

Hon. J. STEVEN STAFFORD, Judge

(Post-Conviction)

For the Appellant:

**William K. Randolph**
422 N. Church Street
P. O. Box 611
Dyersburg, TN 38025-0611

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Marvin E. Clements, Jr.**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**C. Phillip Bivens**
District Attorney General
P. O. Drawer E
Dyersburg, TN 38024

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## OPINION

The appellant, Reiko Nolen, appeals the Dyer County Circuit Court's dismissal of his petition for post-conviction relief. The appellant collaterally attacks his aggravated robbery conviction upon grounds of ineffective assistance of counsel. Specifically, he contends that his trial counsel was deficient for failing to discredit the State's proof of "serious bodily injury," an essential element of the convicting offense.

After review of the record, we affirm the trial court's denial of post-conviction relief.

## Analysis

In July 1995, the appellant was convicted of one count of especially aggravated robbery[1] and was sentenced to twenty years in the Department of Correction.[2] His conviction and sentence were affirmed on direct appeal to this court. See State v. Nolan, No. 02C01-9601-CC-00008 (Tenn. Crim. App. at Jackson, Aug. 2, 1996), perm. to appeal denied, (Tenn. Jan. 27, 1997). As a result of this conviction, the appellant is currently confined at Northwest Correctional Center in Tiptonville.

---

[1]The appellant was also charged with attempted first degree murder. This charge was ultimately dismissed by the trial court as the jury failed to reach an unanimous verdict as to this count.

[2]The appellant's conviction stems from an incident on September 17, 1994, in which the appellant, acting in concert with other unidentified persons, pursued the victim throughout Dyersburg, ultimately shooting the victim in the lower back and taking a beeper and thirty-five dollars from his person. See State v. Nolan, No. 02C01-9601-CC-00008 (Tenn. Crim. App. at Jackson, Aug. 2, 1996), perm. to appeal denied, (Tenn. Jan. 27, 1997). "The victim was flown to Memphis where he was hospitalized for three weeks. The bullet could not be removed. The victim underwent extensive physical therapy to learn to walk again. He also lost control of his bladder." Id.

On March 26, 1997, the appellant filed a petition for post-conviction relief. This petition was subsequently amended on May 22, 1997. As grounds for relief, the petition asserted various claims of ineffective assistance of trial counsel.[3] On June 6, 1997, following an evidentiary hearing, the trial court denied the appellant relief. In dismissing the petition, the trial court found, specifically to the issue now before this court, that:

> The incident giving rise to the prosecution of this case involves the shooting of the victim. The victim was questioned about his injuries and their effect on him on pages 41-43 of the trial transcript. The victim stated that after he was shot, he was in bad pain and that he had to be airlifted to Memphis to the hospital. He stated that he was required to stay in the hospital in Memphis for approximately three weeks. He also testified that he still had the bullet in his back and that when he left the hospital he was not able to walk. He further stated that he was still in therapy and that during his therapy, he had to walk first using parallel bars and then crutches. At the time of the trial, the victim testified that he had only been off of crutches for approximately 1½ months. The victim further testified that as a result of the shooting, he was unable to control his bladder and that he was required to wear adult diapers. He called this a permanent problem.
>
> The petitioner has presented no evidence as to how Davis [the appellant's trial counsel] could rebut any of the victim's testimony. It is clear that the evidence presented by the victim substantiates a claim for serious bodily injury. . . . This Court finds this issue to be without merit.

To succeed in a post-conviction claim of ineffectiveness, the appellant must show, by clear and convicting evidence, Tenn. Code Ann. § 40-30-210(f) (1996

---

[3]Although the trial court acknowledged that the appellant had previously raised the issue of ineffective assistance of counsel on direct appeal, see Nolan, No. 02C01-9601-CC-00008 (finding the appellant's claim that counsel was ineffective for opening the door regarding a prior incident with the victim without merit), the court proceeded to address additional allegations of ineffectiveness raised for the first time in the post-conviction petition. However, ineffective assistance of counsel is generally a "single ground for relief" under the post-conviction statute. Cone v. State, 927 S.W.2d 579, 581-82 (Tenn. Crim. App.1995), perm. to appeal denied, (Tenn.1996), cert. denied, --- U.S. ----, 117 S.Ct. 309 (1996). "[T]he fact that such violation may be proved by multiple acts or omissions does not change the fact that there remains only one ground for relief." McCray v. State, No 01C01-9108-CR-00255 (Tenn. Crim. App. at Nashville, Sept. 11, 1992). A ground for relief has been "previously determined" when "a court of competent jurisdiction has ruled on the merits after a full and fair hearing." Tenn. Code Ann. § 40-30-206(f)(1996 Supp.). A petitioner may not re-litigate previously determined grounds for relief simply by adding factual basis for an ineffective assistance of counsel claim. Cone, 927 S.W.2d at 581-82. The appellant offers no explanation as to why these additional alleged acts and omissions were not raised when the issue of counsel's effectiveness was litigated on direct appeal. Thus, the appellant's claims in this appeal are waived because they have been previously determined. Notwithstanding, we elect to review the claim presented sub judice as the trial court resolved the issue on its merits.

Supp.), that the services rendered by trial counsel were deficient and that, but for the deficient performance, the results of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 104 S.Ct. 2052, 2064 (1984). In determining whether the appellant received effective assistance of counsel, this court must remain mindful that it is not our function to second guess trial counsel's tactical and strategic choices on matters of defense, unless these choices are made without knowledge of the relevant facts or the law applicable to the issue. Hellard v. State, 629 S.W.2d 4, 9 (Tenn.1982); State v. Swanson, 680 S.W.2d 487, 490 (Tenn. Crim. App.1984).

The proof is overwhelming that the victim suffered "serious bodily injury" within the purview of the statute. See Tenn. Code Ann. § 39-11-106(a)(33) (1991).[4] Contrary to the appellant's argument, even considering information possessed by trial counsel that the victim "could tell when [he] needed to go [to the bathroom]" and that he could move his legs but not his toes, we fail to see how this information would have negated the seriousness of the injuries sustained by the victim. Indeed, it is difficult to conceive how any cross-examination by trial counsel relating to the victim's injuries could have changed the facts before the jury or the ultimate outcome of this trial. Clearly, the appellant has failed to carry his burden of establishing his claims. Additionally, we cannot conclude that the evidence preponderates against the trial court's findings of fact. See Davis v. State, 912 S.W.2d 689, 697 (Tenn. 1995).

As a result, we find no error of law requiring reversal. The judgment of the trial court dismissing the appellant's petition for post-conviction relief is affirmed.

---

[4]"Serious bodily injury" means bodily injury which involves: (A) A substantial risk of death; (B) Protracted unconsciousness; (C) Extreme physical pain; (D) Protracted or obvious disfigurement; or (E) Protracted loss or substantial impairment of a function of a bodily member, organ or mental faculty."

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JOHN H. PEAY, Judge


_____
L. T. LAFFERTY, Senior Judge