IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

NOVEMBER 1996 SESSION


| | | |
|---|---|---|
| WILLIE CLAYBROOK, | * | C.C.A. # 02C01-9511-CC-00346 |
| Appellant, | * | |
| | * | GIBSON COUNTY |
| VS. | * | |
| | * | Hon. Dick Jerman, Jr., Judge |
| STATE OF TENNESSEE, | * | |
| Appellee. | * | (Post-Conviction Relief) |
| | * | |
| | * | |

**FILED**

**March 26, 2008**

**Cecil Crowson, Jr.**

**Appellate Court Clerk**


For Appellant:

Tom W. Crider
District Public Defender

Periann S. Houghton
Assistant Public Defender
107 South Court Square
Trenton, TN  38282

For Appellee:

Charles W. Burson
Attorney General & Reporter

M. Allison Thompson
Counsel for the State
450 James Robertson Parkway
Nashville, TN  37243-0493

Robert Radford
District Attorney General Pro Tem
P.O. Box 686
Huntingdon, TN  38344


OPINION FILED:  _____


AFFIRMED


GARY R. WADE, Judge

## OPINION

The petitioner, Willie Claybrook, appeals the trial court's denial of post-conviction relief. In this appeal of right, two issues are presented for our review: (1) whether the petitioner was denied effective assistance of counsel; and (2) whether the trial court's order denying relief met the minimum statutory requirements.

We affirm the judgment of the trial court.

The petitioner was convicted of second degree murder. This court affirmed the conviction on direct appeal. State v. Willie Claybrook, No. 3 (Tenn. Crim. App., at Jackson, Feb. 5, 1991). Thereafter, on June 7, 1993, the petitioner filed a pro se petition for post-conviction relief. The trial court appointed counsel for the petitioner and conducted an evidentiary hearing. At the conclusion of the proceedings, the trial court ruled that the petitioner received the effective assistance of counsel.

## I

The petitioner claims that his counsel was ineffective by failing to allow him to testify at his trial and by failing to call James King as a defense witness.

There is well-established case law governing this issue. In order to be granted relief on the grounds of ineffective assistance of counsel, the petitioner must establish that the advice given or the services rendered were not within the range of competence demanded of attorneys in criminal cases and that, but for his counsel's deficient performance, the result of his trial would have been different. Strickland v. Washington, 466 U.S. 668, 693 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).

2

The burden, of course, is on the post-conviction petitioner to show that the evidence preponderates against the findings made at the conclusion of the hearing by the trial judge. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978). Otherwise, findings of fact made by the trial court are binding on this court. Graves v. State, 512 S.W.2d 603, 604 (Tenn. Crim. App. 1973).

In Strickland, the United States Supreme Court established the following standards:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or ... sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

The petitioner admitted during his testimony at the evidentiary hearing that he met with his counsel "frequently." He acknowledged that each of his two attorneys discussed the nature of the charges he faced and his right to remain silent. The petitioner charged, however, that his counsel ignored his requests to testify on his own behalf. One of his attorneys testified at the evidentiary hearing; he recalled that he had explained to the petitioner that it would be in his best interest not to testify for three reasons: the petitioner had already given authorities his version of the events and that statement was entered into evidence; the petitioner, who had testified in two pretrial suppression hearings, did not make an effective witness; and the petitioner had a prior homicide conviction that, if the petitioner

3

testified, might be admitted into evidence. He claimed that at the conclusion of the state's case-in-chief, the petitioner agreed with his counsel's recommendations.

Obviously, the trial court accredited the testimony of the trial counsel over that of the petitioner. Moreover, the petitioner has not shown that the evidence preponderates against the trial court's finding that trial counsel's performance was at or above the level guaranteed by the Sixth Amendment. Thus, we find no merit to his claim that his trial attorneys were ineffective by denying him his right to testify.

The petitioner also claims that counsel was deficient by not calling James King to testify for the defense. Upon questioning, however, the petitioner could not specify what information King had to offer. Again, the petitioner has failed to meet his burden of proof. Certainly, no prejudice has been shown by his counsel's failure to call this witness.

Next, the petitioner contends that the trial court erred by not including specific findings of fact and conclusions of law in the order denying post-conviction relief:

> Upon the final disposition of every petition, the court shall enter a final order ... and shall state the findings of fact and conclusions of law with regard to each such ground.

Tenn. Code Ann. § 40-30-118(b). While brief, the trial court's order does not require a reversal or remand of this case for further findings. See State v. Swanson, 680 S.W.2d 487,489 (Tenn. Crim. App. 1984). During the evidentiary hearing, counsel for the petitioner acknowledged that there are only two grounds for post-conviction relief. The transcript of the hearing establishes that the trial court clearly recalled the trial and the performance of the petitioner's counsel. In the order denying relief, the trial court affirmatively found that the petitioner "received effective counseling

4

throughout his trial and proceedings relating thereto."  We are satisfied that the contents of the order were adequate.

Accordingly, the judgment of the trial court is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
David G. Hayes, Judge


_____
William M. Barker, Judge