IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 15, 2008

## ALMEER K. NANCE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**No. 75969      Kenneth F. Irvine, Jr., Judge**

---

**No. E2008-00857-CCA-R3-PC - Filed January 23, 2009**

---

The petitioner, Almeer K. Nance, appeals the judgment of the Knox County Criminal court denying post-conviction relief. The petitioner was convicted of felony murder, especially aggravated robbery, two counts of especially aggravated kidnapping, and three counts of aggravated robbery. He subsequently accepted an agreed sentence of life plus twenty-five years in the Department of Correction. On appeal, the petitioner argues that he was denied his Sixth Amendment right to the effective assistance of counsel, specifically arguing that trial counsel was ineffective by: (1) erroneously advising him not to testify at trial, which he asserts effectively deprived him of his constitutional right; and (2) failing to raise the issues of sufficiency of the evidence and severance on direct appeal. After a thorough review of the record before us, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Albert J. Newman, Jr., Knoxville, Tennessee, for the appellant, Almeer T. Nance.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Senior Counsel; Randall Eugene Nichols, District Attorney General; and C. Leon Franks, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Factual Background

The underlying facts of the case, as recited in the direct appeal, are as follows:

. . . Essentially, on January 16, 1996, the [petitioner] and Robert Manning robbed at gunpoint Scott's Market in Knoxville. Two days later Manning picked up the [petitioner] at the [petitioner's] home. Amanda Goode accompanied the pair. In

looking for a place to rob, the three finally came to a Radio Shack. Goode stayed in the car while Manning and the [petitioner], wearing toboggans/ski masks, entered the store. Both men were once more armed with guns, and in the process of the robbery, the store clerk, Joseph Ridings, was shot in the head. He subsequently died from this wound. Upon leaving the store, Manning and the [petitioner] rejoined Goode in a stolen Mazda, and the trio drove from the scene. They then discovered a raised garage door at the home belonging to Arthur and Patsy Sipf. Again, Manning and the [petitioner] exited the car. Finding the door from the garage to the living area of the home unlocked, the two proceeded into the house. Once more the pair donned toboggans/ski masks. They stole items from the home while holding both Sipfs on the floor at gunpoint. The offenders then forced the couple into the trunk of one of the Sipfs' cars. Having done so, Manning and the [petitioner] left in an automobile belonging to the Sipfs. Goode continued in the Mazda. At this point . . . the [petitioner] was apparently returned to his home. . . .

Some days thereafter, the authorities captured Manning and Goode in Kentucky and therefrom gained information about the [petitioner's] involvement in these crimes. The police arrested the [petitioner] in the early morning hours of January 22, 1996, and subsequently obtained a signed waiver and confession from him.

*State v. Almeer Nance*, No. E2000-00170-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Oct. 23, 2001). Following a jury trial, the petitioner was convicted of felony murder, especially aggravated robbery, two counts of especially aggravated kidnapping, and three counts of aggravated robbery. The petitioner appealed the convictions to this court, challenging only the denial of his motion to suppress. The convictions were affirmed on direct appeal. *Id*.

In November 2002, the petitioner filed a *pro se* petition for post-conviction relief asserting multiple instances of ineffective assistance of counsel at the juvenile, trial, and appellate levels. Counsel was appointed, but no amended petition was filed. On its own motion, the post-conviction court dismissed the petition for failure to prosecute in September 2005, and the petitioner appealed the dismissal. *Almeer Nance v. State*, No. E2005-02265-CCA-R3-PC (Tenn. Crim. App., at Knoxville, June 9, 2006). On appeal, this court reversed and remanded to the post-conviction court with instructions to determine whether the delay in the case was caused by the bad faith of the petitioner. *Id*. On remand, the post-conviction court determined that the petition should not have been dismissed, and an evidentiary hearing was scheduled. At the hearing, only the petitioner and trial counsel testified.

The petitioner, who was twenty-nine years of age at the time of the hearing, testified that the crimes were committed when he was sixteen years old. After a hearing in the juvenile court, his case was transferred, and he was tried as an adult. Trial counsel was appointed to represent him following a disagreement with the attorney who had represented him in juvenile court. According to the petitioner, trial counsel only met with him on four or five occasions, and he felt that she was

-2-

not prepared to try the case. The petitioner acknowledged that trial counsel had explained the crimes for which he was charged and had filed a motion to suppress his confession to the police.

The petitioner testified that he tried to explain to trial counsel what he believed would be his defense, specifically that he wanted to testify at trial and explain to the jury that he also was a victim of his co-defendant. The petitioner testified at the hearing that he knowingly participated in the first robbery but, afterwards, attempted to distance himself from co-defendant Manning. However, according to the petitioner, Manning threatened him nonverbally into participating in the subsequent crimes. The petitioner stated that he was afraid because he was aware of Manning's reputation and knew that he had shot other people and was in possession of a gun. Manning testified at trial for the defense and admitted that he had fired the shot that killed the victim in the murder case. He also admitted that he had forced the petitioner to commit the crimes with him.

The petitioner reiterated in his testimony at the hearing that he wanted to testify at trial but stated that trial counsel did not want him to do so. He testified that he believed if he had testified at trial, the outcome of the case would have been different. He admitted that trial counsel discussed with him his right to testify and made him aware that, ultimately, the decision was his. However, according to the petitioner, trial counsel never prepared him to testify and advised him against it. According to the petitioner, he followed trial counsel's advice even though he wanted to testify.

Trial counsel testified, in contradiction to the petitioner, that both she and the two hired investigators met with the petitioner on numerous occasions. She stated that she was aware of the facts of the petitioner's case and that she had procured co-defendant Manning to testify in the petitioner's behalf. According to trial counsel, she pursued a theory of defense that the co-defendant forced the petitioner into committing the crimes. She also filed a motion to suppress the petitioner's confession and vigorously pursued it at all levels. According to trial counsel, this was the petitioner's strongest appealable issue, and it was the issue she chose to pursue on appeal to this court because she felt she had a viable chance of prevailing. She acknowledged that she raised no other issues on appeal and stated that she felt that the issues of severance and sufficiency of the evidence did not have merit. She testified that it was her strategy to present only what she believed to be the strongest issue on appeal so as not to detract from its merit.

With regard to the petitioner's right to testify, trial counsel stated that she discussed his right with him on numerous occasions and made clear to him that it was ultimately his decision. She acknowledged that she advised him that it would not be a good decision to testify because of his temper and his immaturity, and she explained the reasoning behind her advice to the petitioner.

After hearing the testimony presented, the post-conviction court found that the petitioner was not entitled to post-conviction relief and denied the petition. The petitioner now appeals that denial.

**Analysis**

-3-

On appeal, the petitioner raises the single issue of whether the post-conviction court erred in concluding that he was not denied his Sixth Amendment right to the effective assistance of counsel. Specifically, he contends that trial counsel was ineffective in: (1) misadvising him regarding his right to testify; and (2) failing to raise the issues of sufficiency of the evidence and severance on direct appeal. To succeed on a challenge of ineffective assistance of counsel, the petitioner bears the burden of establishing the allegations set forth in his petition by clear and convincing evidence. T.C.A. § 40-30-110(f) (2006). The petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984), the petitioner must establish (1) deficient performance and (2) prejudice resulting from the deficiency. The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

It is unnecessary for a court to address deficiency and prejudice in any particular order or even to address both if the petitioner makes an insufficient showing on either. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999) (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *Id.* at 461. "[A] trial court's findings of fact underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). However, conclusions of law are reviewed under a purely *de novo* standard with no presumption.

## I. Right to Testify

First, the petitioner contends that trial counsel was ineffective because she advised him not to testify at trial, advice which the petitioner claims "was wrong" "because he was a frail, immature 16 year old, when the crimes occurred" and because his best defense would have been "his own trial testimony." Though the petitioner acknowledges that he made the decision not to testify based upon trial counsel's advice, he contends that he did so only because he believed if he did not he would, in effect, have no counsel and because counsel never prepared him to testify. Thus, the petitioner argues that he had no alternative except to accept trial counsel's advice.

-4-

Tennessee recognizes that a criminal defendant has a fundamental right to testify. *Momon v. State*, 18 S.W.3d 152, 157 (Tenn. 2000). Moreover, the right may only be waived personally by the defendant. *Id*. at 161; *Vermilye v. State*, 754 S.W.2d 82, 88 (Tenn. Crim. App. 1987) ("The decision as to whether an accused should testify at trial rests with the accused, not defense counsel."). Initially, we note that the procedure adopted by the Tennessee Supreme Court in *Momon* to ensure that a defendant has personally waived his right to testify has no application to this case. The petitioner's trial was held prior to our supreme court's holding in *Momon*, and the court in *Momon* expressly held that the procedures set forth "do not establish a new constitutional rule which must be retroactively applied," specifying that the procedure should be applied "in all cases tried or retried after the date of this decision." *Momon*, 18 S.W.3d at 162-63.

At the conclusion of the post-conviction hearing, the court made the following findings:

> By [the petitioner's] own testimony, the most important complaint he has is that he didn't testify at his trial, and that if he had testified that he could have convinced the jurors that he operated under duress and that they would not have convicted him of felony murder.

> But he's also very candid - - [the petitioner] is very candid that he understood it was his right to make the decision about whether he testified or not; that he followed the advice of counsel, which counsel admits that she gave that he should not testify and explained to him why. And now he is here saying he wished he had done otherwise.

> This is not a situation where the Court can look and say with the benefit of hindsight he should have tried a different strategy because maybe that one would have worked. As long as [the petitioner] understood his rights at the trial which it's clear he did, that it was his decision to make, it's not ineffective assistance.

The post-conviction court found that the petitioner understood that the decision to testify was his decision and that the petitioner made that decision based upon trial counsel's advice. Indeed, both the petitioner and trial counsel specifically testified that the petitioner was aware that the decision of whether he testified at trial was to be made by the petitioner. The petitioner's argument is essentially that trial counsel's advice was uninformed and erroneous advice. We disagree.

While trial counsel conceded that she advised the petitioner not to testify, merely informing a client that it is in his best interest not testify does not equate to a denial of the right. Additionally, it appears that the decision to so advise the petitioner was based upon trial counsel's preparation and observations of the petitioner and his inability to control his temper. Thus, as found by the post-conviction court, it appears to have been a strategic decision formed in furtherance of the defense, which was explained to the petitioner prior to his making his decision not to testify. As noted by the trial court, it is not the function of the courts to second-guess trial strategy. *Adkins*, 911 S.W.2d at 347. Moreover, the same testimony was put before the jury through another witness, and the only

evidence presented that the result of the trial would have been different was the petitioner's own assertions. Accordingly, we conclude that there is nothing in the record to preponderate against the post-conviction court's finding that trial counsel was not ineffective and that the petitioner personally waived his right to testify.

## II. Issues on Direct Appeal

Next, the petitioner contends that trial counsel was ineffective by failing to raise the issues of sufficiency of the evidence and severance of the offenses on direct appeal. According to the petitioner, "[t]he reasons given by counsel, at the evidentiary hearing, for not presenting the issues on appeal were weak" and "counsel by not presenting the issues for review, in effect, substituted counsel's opinion, as to this merits of the issues, for that of this court."

If a claim of ineffective assistance of counsel is based on the failure of counsel to raise a particular issue on appeal, as is the case before us, then the reviewing court must determine the merits of the omitted issue. *Carpenter v. State*, 126 S.W.3d 879, 887 (Tenn. 2004) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375, 106 S. Ct. 2574 (1986)). If the omitted issue has no merit or is weak, then appellate counsel's performance will not be deficient if counsel failed to raise it on appeal. *Id.* Likewise, if the issue has no merit, then the petitioner suffered no prejudice from the failure to raise the issue on appeal. *Id.*

"[T]he determination of which issues to present on appeal is a matter of counsel's discretion." *State v. Swanson*, 680 S.W.2d 487, 491 (Tenn. Crim. App. 1984). Further, "the failure of counsel for a criminal defendant to argue every single issue that a case may present or to present every issue in an appeal that a client may request is not *per se* ineffective assistance of counsel." *See id*. at 491. This court should evaluate the questionable conduct from counsel's perspective at the time of her conduct with "a strong presumption that [her] conduct falls within the wide range of reasonable professional assistance." *Burns*, 6 S.W.3d at 462. Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). Moreover, this court has held that "[c]ounsel is not constitutionally required to argue every issue on appeal, or to present issues chosen by his client." *Swanson*, 680 S.W.2d at 491. "Ineffectiveness is very rarely found in cases where a defendant asserts that appellate counsel failed to raise an issue on direct appeal, primarily because the decision of what issues to raise is one of the most important strategic decisions to be made by appellate counsel." *Kennath Henderson v. State*, No. W2003-01545-CCA-R3-PD (Tenn. Crim. App., at Jackson, June 28, 2005).

With regard to the prejudice prong, the petitioner is required to demonstrate prejudice due to appellate counsel's error. In order to establish prejudice, the petitioner must show that, had counsel raised the issue or issues asserted, there is a reasonable probability that his conviction would have been reversed. Thus, we are required to examine the merits of the issues which were not raised by appellant counsel on appeal. *Carpenter*, 126 S.W.3d at 887.

In denying relief, the post-conviction court made the following findings:

> On the appellate issue, there was a strategy decision that was made. And this Court is not allowed to look behind strategic decisions, but even if I was allowed to do that, what [trial counsel] did was a proper strategic decision. That there's one key issue she wanted to raise, and she made a decision that that would be most effective going to the appellate courts if she focused on that issue. That - - if she didn't detract from that with other issues. And I think that's a proper strategy.

> The insufficiency of the evidence is an issue that very seldom wins in front of the appellate courts. I think that can be shown just by a review of appellate court decisions. And I think she correctly looked at it and said that if you - - if the facts are strong in these cases that that would just take away from the issue. And she was clearly trying to be successful on the suppression issue. So I don't think there's ineffective assistance of appellate counsel shown either.

Again, we find nothing in the record before us to preponderate against the post-conviction court's findings. Trial counsel specifically testified that, as a matter of strategy, she chose to raise only the suppression issue on direct appeal because she felt that the petitioner had a good chance of receiving relief on that issue. She stated that she did not want to detract from the issue she believed to be most meritorious by raising the issues of sufficiency and severance, which she did not believe were viable for relief on appeal. As found by the trial court, this is a solid strategic decision which falls "within the wide range of reasonable assistance." *See Burns*, 6 S.W.3d at 462.

Moreover, we note that the petitioner has failed to establish the prejudice prong as well. He offers no argument and cites to no authority as to why the sufficiency or the severance issue would have been successful on appeal. Additionally, we note that the petitioner has failed to include a record of the trial proceedings below or any motions filed; thus, we are precluded from fully reviewing the merits of the two issues omitted on appeal. It is the petitioner's burden to prove, by clear and convincing evidence, that the issues which were not raised on appeal had merit and that if they had been raised, there is a reasonable probability that the convictions would have been reversed. The petitioner has failed to carry his burden of establishing that in this case.

## CONCLUSION

Based upon the foregoing, the denial of post-conviction relief is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE