IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
JUNE 1998 SESSION

FILED

June 19,1998

Cecil W. Crowson
Appellate Court Clerk

JAMES POLK,                          )
                                     )  C.C.A. NO. 01C01-9709-CC-00391
        Appellant,                   )
                                     )
                                     )  MAURY COUNTY
VS.                                  )  (No. 9305 Below)
                                     )
STATE OF TENNESSEE,                  )  The Hon. Jim T. Hamilton
                                     )
        Appellee.                    )  (Denial of Post-Conviction Relief)

FOR THE APPELLANT:

HERSHELL D. KOGER
131 North First Street
P.O. Box 1148
Pulaski, TN 38478

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

T. MICHAEL BOTTOMS
District Attorney General

JESSE DURHAM
Assistant District Attorney General
P.O. Box 459
Lawrenceburg, TN 38464

OPINION FILED _____

AFFIRMED

LEE MOORE, SPECIAL JUDGE

The petitioner, James Polk, appeals the trial court's denial of his petition for post-conviction relief. In 1994, the petitioner was convicted of aggravated robbery and sentenced as a standard offender to twelve years in the Tennessee Department of Correction. His conviction was affirmed on direct appeal to this Court. State v. James Polk, No. 01C01-9410-CC-00369 (Tenn. Crim. App., at Nashville, Nov. 21, 1995). In this post-conviction petition, the petitioner's sole issue is that he was denied effective assistance of counsel. An evidentiary hearing was held on July 8, 1997, and the petitioner was denied post-conviction relief. We affirm the judgment.

Initially, we note that the trial court summarily denied the post-conviction petition. In doing so the trial judge failed to state any findings of fact and conclusions of law as is required by T.C.A. § 40-30-211(b). The trial court, not the appellate court, has the duty to weigh and evaluate the evidence and to resolve questions regarding the credibility of witnesses. Black v. State, 794 S.W.2d 752,755 (Tenn. Crim. App. 1990). Factual issues raised by the evidence must be resolved by the trial court and placed in appropriate findings of fact. Absent such findings, it would ordinarily be inappropriate for this Court to determine contested factual issues from a printed record. George Tate v. State, No. 02C01-9108-CR-00170 (Tenn. Crim. App., at Jackson, May 20, 1992), perm. app. denied, (Tenn. 1992).

Regardless, this Court has held that even if the trial court fails to comply with this duty, a reversal is not warranted if the record sufficiently reflects the apparent reasons for the trial court's actions so as to allow for meaningful appellate review. State v. Swanson, 680 S.W.2d 487, 489 (Tenn. Crim. App. 1984). From a review of the record in this case, the trial judge's reasons for dismissal of the post-conviction petition are apparent, and therefore, we have addressed the issue on the merits.

The petitioner argues that his attorney was ineffective because he failed to

object or otherwise cross-examine the police officer regarding the identification of a vehicle at the scene of the crime and its relationship to the petitioner.

The proof at trial showed that the victim, a part-time employee at a liquor store, observed a young black male enter the store near closing time. The victim, a former principal at a local school, thought he recognized the person's face. The victim gave a description of the person to the investigating officer. The following week, the victim went to the police station and identified the petitioner while looking through a book of photographs. Subsequently, when the petitioner was picked up for questioning, the officer told the petitioner that he had been identified in a robbery. The officer testified that the petitioner responded "well, what's the clerk's name at the store. He said, he probably knows me from school." While there was conflicting testimony as to whether the victim positively identified the petitioner at the preliminary hearing, he unequivocally identified the petitioner at trial.

The testimony regarding the vehicle was insignificant. Trial counsel objected on the basis of hearsay, however, the investigating officer was allowed to testify that he was given a description of a vehicle that was seen in the vicinity of the liquor store and that he was able to tie a vehicle of that description with the petitioner through the petitioner's girlfriend. At the post-conviction hearing, trial counsel testified that the petitioner was identified by the victim and the car did not have anything to do with that identification. Moreover, he testified that he did not pursue testimony regarding the car because it would have been detrimental to the case. Specifically, trial counsel noted that when the investigating officer questioned the petitioner's girlfriend regarding whether she owned a maroon Monte Carlo, she responded that she did "but it ain't been used in no armed robbery."

In order to receive post-conviction relief on the basis of ineffective assistance of counsel, the petitioner must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies

"actually had an adverse effect on the defense." <u>Strickland v. Washington</u>, 466 U.S. 668, 693, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984). Moreover, this Court will not second-guess valid strategic and tactical choices made by counsel, and counsel will not be deemed ineffective even if a different strategy might have produced a different result. <u>Hellard v. State</u>, 629 S.W.2d 4, 9 (Tenn. 1982).

In post-conviction proceedings, the petitioner has the burden of proving the allegations in his petition by a preponderance of the evidence. <u>McBee v. State</u>, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983), citing <u>Clenny v. State</u>, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978). From our review of the record, we do not find that the petitioner met his burden. Accordingly, the judgment is affirmed.

                         _____
                         LEE MOORE, SPECIAL JUDGE

CONCUR:

_____
JOE G. RILEY, JUDGE

_____
CURWOOD WITT, JUDGE