IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 24, 2006

## TERRELL L. ROBINSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 252337    Rebecca Stern, Judge**

_____

**No. E2005-01544-CCA-R3-PC - Filed January 19, 2006**

_____

The petitioner, Terrell L. Robinson, appeals the denial of his petition for post-conviction relief.  In this appeal of right, he asserts that his guilty plea was not knowingly and voluntarily entered and that he did not receive the effective assistance of counsel.  The judgment of the post-conviction court is affirmed

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Steve Brown (at trial), and Donna Robinson Miller (on appeal), Assistant District Public Defenders, for the appellant, Terrell L. Robinson.

Paul G. Summers, Attorney General & Reporter; David E. Coenen, Assistant Attorney General; and Bates Bryan, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On February 23, 2004, the petitioner entered a plea of guilty to one count of voluntary manslaughter.  Pursuant to a plea agreement with the state, the petitioner received a Range II sentence of eight years to be served in the Department of Correction.  In December of 2004, the petitioner filed a petition for post-conviction relief alleging that his trial counsel was ineffective, that he was coerced into entering the guilty plea, and that his sentence was illegal.  The post-conviction court appointed counsel and an amended petition was filed.

At the evidentiary hearing, the petitioner testified that he was originally charged with first degree murder but agreed to plead guilty to voluntary manslaughter in exchange for an eight-year sentence.  The petitioner claimed that he qualified as a Range I offender and first learned that he pled guilty as a Range II offender when he arrived at the Department of Correction.  The petitioner stated that he then contacted trial counsel, who sent him a copy of his file containing a letter from the

Assistant District Attorney confirming the offer of a Range II, eight-year sentence. The petitioner contended that he had not seen the letter prior to entering his plea and asserted that his trial counsel did not discuss the applicable sentencing ranges with him prior to the plea. He claimed that if he had known that he was pleading outside a Range I classification, he would not have pled guilty. The petitioner emphasized that he did not wish to withdraw his plea but "was just coming to get me my right sentencing."

During cross-examination, the petitioner acknowledged that he might have signed a "waiver of range enhancement" but insisted that he had no independent recollection of signing such a document. He claimed that because of his nervousness, he remembered little from the guilty plea hearing.

Trial counsel testified that he discussed the case with the petitioner on several occasions both at his office and at the courthouse. He stated that although the primary defense was that the victim was the first aggressor, his investigation established that the petitioner had stabbed the victim some thirteen times in the presence of three witnesses. According to trial counsel, "it was a very strong second degree murder case." He stated that his strategy prior to trial was to determine whether the state would make an offer of voluntary manslaughter. Trial counsel testified that the state was initially reluctant to consider voluntary manslaughter, but eventually consented, reduced the offer to writing, and sent it to trial counsel.

Trial counsel confirmed that the written offer was made in June of 2003, some eight months prior to the entry of the guilty plea. He stated that he discussed the offer with the petitioner on several occasions and that there was ample time for the petitioner to consider the content. Trial counsel testified that the petitioner "was of the mind that he did not wish to go to trial with the risk of first degree murder prosecution but he was adamant that he was using self-defense." Trial counsel insisted that he had informed the petitioner that he would be pleading outside the applicable sentencing range and remarked that "the paperwork we signed was not something that was rushed through on the day of the plea." According to trial counsel, the petitioner was in court "two or three times prior to the plea after this June date in which we ironed out all the details." Trial counsel testified that the trial court repeated the waiver of range during the plea submission hearing and that the petitioner "understood the elements of voluntary manslaughter and he understood [the assistant district attorney] would not come down any lower than eight years. And in order for us to . . . put the plea through, we had to agree to the range and that's what [the petitioner] wanted to do."

At the conclusion of the hearing, the post-conviction court denied relief, specifically accrediting the testimony of trial counsel that he had "adequately explained to the [petitioner] the consequence of . . . pleading as a Range II offender." Although the post-conviction court failed to file a written order denying relief as required by statute, see Tenn. Code Ann. § 40-30-111(b) (2003), it is our view that the record is otherwise adequate for our review, see State v. Swanson, 680 S.W.2d 487, 489 (Tenn. Crim. App. 1984) (holding that reversal was not required when the record included the post-conviction's court basis for denial of relief on a particular ground).

In this appeal, the petitioner asserts that his guilty plea was not knowingly and voluntarily entered because he did not know that he was agreeing to a sentence outside the applicable range. In addition, he contends that his trial counsel was ineffective by failing to inform him that he was pleading outside his range.

Under our statutory law, the petitioner bears the burden of proving the allegations in his post-conviction petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2003). Evidence is clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from the evidence. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).

I

The petitioner's first claim is that his guilty plea was not knowingly and voluntarily entered. The post-conviction court specifically concluded that the petitioner was informed by his trial counsel that he was pleading outside the applicable sentencing range.

In Boykin v. Alabama, 395 U.S. 238 (1969), the United States Supreme Court ruled that defendants should be advised of certain constitutional rights before entering pleas of guilt. Included among those are admonitions regarding the right against self-incrimination, the right to confront witnesses, and the right to trial by jury. Id. at 243. "[T]he core requirement of Boykin is 'that no guilty plea be accepted without an affirmative showing that it was intelligent and voluntary.'" Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting Fontaine v. United States, 526 F.2d 514, 516 (6th Cir. 1975)). The plea must represent a "voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). If the proof establishes that the petitioner was aware of his constitutional rights, he is entitled to no relief. Johnson v. State, 834 S.W.2d 922, 926 (Tenn. 1992). A plea which is the product of "ignorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats" is not voluntary. Boykin, 395 U.S. at 242-43.

In this case, trial counsel testified that he informed the petitioner of the applicable sentencing range and explained that in order to receive the benefit of the offer from the state, he would have to agree to a sentence outside his range. Contrary to the petitioner's assertion that the plea was rushed, trial counsel testified that the petitioner had nearly eight months to consider the state's offer and that the details of the plea agreement were "ironed out" during at least two meetings with the state. The transcript demonstrates that the post-conviction court specifically accredited the testimony of trial counsel that he had informed the petitioner that he was pleading outside his range and had explained the consequences of his doing so. Under these circumstances, it is our view that the petitioner has failed to establish by clear and convincing evidence that his plea was involuntary.

II

The petitioner also contends that his trial counsel was ineffective for failing to inform him that he was pleading outside the applicable sentencing range. When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given were below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). The error must be so serious as to render an unreliable result. Id. at 687. Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently and, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Claims of ineffective assistance of counsel are regarded as mixed questions of law and fact. State v. Honeycutt, 54 S.W.3d 762, 766-67 (Tenn. 2001); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. Fields v. State, 40 S.W.3d 450, 457-58 (Tenn. 2001); see also State v. England, 19 S.W.3d 762, 766 (Tenn. 2000).

Here, the petitioner testified that his trial counsel did not inform him that the plea agreement included a Range II sentence. Trial counsel testified that he discussed the state's offer with the petitioner on several occasions and explained to him that "in order to . . . put the plea through, we had to agree to the range." He stated that "that's what [the petitioner] wanted to do." Again, the post-conviction court accredited the testimony of trial counsel, finding that he

explained the terms of the plea agreement to the petitioner. In our view, the petitioner is not entitled to relief on this issue.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE